■ ISIENI OGUNBEMI et al., Appellants, v NEW YORK CITY HOUS-ING AUTHORITY, Respondent. [886 NYS2d 13]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered July 15, 2008, which denied plaintiffs' motion to vacate a prior order granting defendant summary judgment dismissing the complaint on default, unanimously affirmed, without costs.

Plaintiffs failed to demonstrate a reasonable excuse for their default (*St. Rose v McMorrow*, 43 AD3d 1146 [2007]). Their proffered excuse of inability to obtain the expert engineer's affidavit in a timely manner because he was out of town for an extended period is unpersuasive because plaintiffs concede they received the affidavit six days before the motion's return date. Plaintiffs' excuse that they were unable to obtain their medical expert's signed affirmation due to the doctor's busy schedule is similarly unavailing, even assuming that the delay in obtaining the affirmation was not the result of their own lack of diligence, because the affirmation was not necessary to oppose the motion in light of the engineer's affidavit. Finally, the excuse that they misplaced certain photographs documenting the scene of the accident and the injuries to the child is unconvincing, not only

because it was raised at the eleventh hour, three months after the motion was filed, but also because plaintiffs admitted they may have misplaced the photos themselves, proffered no reason for why the photos were even necessary to oppose summary judgment given the child's mother's testimony regarding the layout of the accident scene, and conceded that they had numerous other photos that would have sufficed if indeed they were necessary. Nor did plaintiffs meet their burden of demonstrating a meritorious opposition to the summary judgment motion.

We have considered plaintiffs' remaining contentions and find them unavailing. Concur—Tom, J.P., Sweeny, McGuire, DeGrasse and Freedman, JJ.